1  Ted A. Greene, Esq. (SBN: 220392)
   **LAW OFFICES OF TED A. GREENE, INC.**
2  1912 F Street, Suite 110
   Sacramento, California 95811
3  Telephone: (916) 442-6400
   Facsimile:  (916) 266-9395
4  Email: tgreene@tedgreenelaw.com

5  Attorneys for Plaintiffs,
   **THADDEUS J. POTOCKI AND KELLY R. DAVENPORT**

6

7

8              **UNITED STATES DISTRICT COURT**

9          **IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11

12  THADDEUS J. POTOCKI AND KELLY R.          **CASE NO.:**  2:14-cv-01050-WBS-DAD
    DAVENPORT,
13                                            **PLAINTIFFS' REPLY IN SUPPORT OF**
                    Plaintiff,                **MOTION TO REMAND ACTION TO**
14                                            **STATE COURT**
            vs.
15                                            Date:    June 16, 2014
    WELLS FARGO BANK, N.A., et al.,           Time:    2:00 p.m.
16                                            Dept.:   Courtroom 5, 14th Floor
                    Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

_____
                **REPLY IN SUPPORT OF MOTION TO REMAND**

*(Sidebar, vertical text):* LAW OFFICES OF TED A. GREENE, INC. / 1912 F Street, Suite 110, Sacramento, California 95811 / Telephone: (916) 442-6400

1    Plaintiffs THADDEUS J. POTOCKI AND KELLY R. DAVENPORT ("Plaintiffs"), by and

2  through counsel, respectfully submit this Reply in support of their Motion to Remand the Action to

3  State Court as follows:

**DEFENDANT'S OPPOSITION**

5    Wells Fargo Bank, N.A. ("Wells Fargo") argues that it is not a citizen of California although

6  its principal place of business is in California, as set forth in Wells Fargo's parent company, Wells

7  Fargo and Co.'s formation documents. (*See* Greene Decl. in Support of Motion for Remand.) Wells

8  Fargo also claims that First American Servicing Solutions, LLC ("First American"), a California

9  corporation, is not the foreclosing trustee and is a random non-foreclosing third party named simply

10 to maintain State Court jurisdiction. Finally, Wells Fargo asks this Court to explore the merits of the

11 case against the allegedly improperly named defendant First American.

12    As set forth succinctly below, Wells Fargo should be found to have citizenship in California,

13 the Court should find that First American is the same entity as First American Trustee Servicing

14 Solutions, LLC, which is also a California corporation, and that the merits of the claims against First

15 American are not at issue herein, and even if so, trustees have independent liability under the

16 Homeowner Bill of Rights. As such, Plaintiffs respectfully request that the case be remanded to the

17 Superior Court where it belongs.

**LEGAL ARGUMENT IN REPLY**

19    Contrary to Wells Fargo's assertions, it is a resident of California. Further, First American is

20 properly named and the claims against it are sufficiently stated.

21 A.    <u>First American And First American Trustee Servicing Solutions Are The Same Entity</u>

22      <u>And Both Of Which Are Residents Of California.</u>

23    While Wells Fargo attempts to mislead the Court into believing that First American is not the

24 foreclosing party, it fails to point out that First American *Trustee* Servicing Solutions, LLC, is the

25 same entity as it is doing business, and registered, in California as First American, minus the

26 "trustee."

27    First American *Trustee* Servicing Solutions, LLC is conducting the subject foreclosure. (See

28 Wells Fargo's Request for Judicial Notice in Opposition, Exh. 5.) However, the California Secretary

LAW OFFICES OF TED A. GREENE, INC.
1912 F Street, Suite 110, Sacramento, California 95811
Telephone: (916) 442-6400

**REPLY IN SUPPORT OF MOTION TO REMAND**

LAW OFFICES OF TED A. GREENE, INC.
1912 F Street, Suite 110, Sacramento, California 95811
Telephone: (916) 442-6400

1   of State has no such registered entity to do business in California. The Secretary of State only has

2   records of First American Servicing Solutions. (*See* Greene Decl.) Both First American *Trustee* and

3   First American purport to hold offices in Texas. A simple search of the Texas Comptroller office's

4   website reveals the same corporate California address for First American *Trustee* and First

5   American.[1] These corporations are one and the same and both of which are California corporations.

6   As such, diversity is simply not possible, irrespective of the naming of the California registered

7   version of First American *Trustee*.

8          In the event that the Court adopts this illogical argument, Plaintiffs will be forced to waste this

9   Court's time and simply amend the complaint to name First American *Trustee* and diversity will

10  cease to exist. Where diversity is improperly alleged (e.g., complaint alleges parties' "residence"

11  rather than "citizenship"), the pleadings may be amended in either the trial or appellate court on terms

12  the court deems just. (*See* 28 USC § 1653; *Snell v. Cleveland, Inc.* (9th Cir. 2002) 316 F3d 822,

13  828—amendment permitted even after final judgment where diversity existed; *E.R. Squibb & Sons,*

14  *Inc. v. Lloyd's & Cos.* (2nd Cir. 2001) 241 F3d 154, 163—amendment curing defective statement of

15  subject matter jurisdiction "relates back.")

16  **B.      The Supreme Court Has Not Foreclosed Dual Citizenship For National Banks.**

17         Wells Fargo heavily relies on *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir.

18  Mar. 27, 2014) for the proposition that Wells Fargo is a citizen *only* of South Dakota. (*See*

19  Opposition p. 3.) However, while the Ninth Circuit panel in *Rouse* discussed the High Court's

20  opinion in *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006), it did not foreclose the High

21  Court's ruling that a national bank can be found to be a citizen of both its main office and principal

22  place of business.

23         For purposes of determining federal court diversity jurisdiction, corporations are "deemed to

24  be a citizen of every State and foreign state by which it has been incorporated" and, since 1958, "of

25  the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). (*See*

26  _____

27  [1]
    https://mycpa.cpa.state.tx.us/coa/servlet/cpa.app.coa.CoaGetTp?Pg=tpid&Search_Nm=first%20ameri

28  can%20trustee%20&Button=search&Search_ID=17525811356

LAW OFFICES OF TED A. GREENE, INC.
1912 F Street, Suite 110, Sacramento, California 95811
Telephone: (916) 442-6400

1 Act of July 25, 1958, 72 Stat. 415.) State-chartered banks usually fit within the diversity statute, but

2 national banks, chartered by the Comptroller of the Currency of the U.S. Treasury, do not, as they are

3 not incorporated by any state. (*See Schmidt*, *supra*, 546 U.S. 303, 306.) In 1948, at a time when the

4 diversity statute did not address corporate citizenship, Congress provided: "All national banking

5 associations shall, for the purposes of all other actions by or against them, be deemed citizens of the

6 States in which they are respectively located." 28 U.S.C. § 1348. (*See* Act of June 25, 1948, 62 Stat.

7 933.) The corporate dual citizenship test was introduced by Congress ten years later.

8     In *Schmidt*, the Supreme Court recognized a circuit split on the question of national bank

9 citizenship for diversity purposes. In *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 993–94 (7th Cir.

10 2001), the Seventh Circuit held that national banks are "located" in, and therefore citizens of the

11 states both in which they have their main office and principal place of business (if those states are

12 different). In *Horton v. Bank One, N.A.*, 387 F.3d 426, 431 (5th Cir. 2004), the Fifth Circuit followed

13 suit. The Fourth Circuit in *Schmidt* and the Second Circuit in *World Trade Ctr. Properties, L.L.C. v.*

14 *Hartford Fire Ins. Co.*, 345 F.3d 154, 161 (2d Cir. 2003), held that national banks are "located" in,

15 and therefore citizens of every state in which they maintain branches.

16     Recognizing the background principle of jurisdictional parity between national and state

17 banks, the Court reversed the Fourth Circuit because "the access of a federally chartered bank to a

18 federal forum would be drastically curtailed in comparison to the access afforded state banks and

19 other state-incorporated entities," and there was no evidence Congress intended such a result. (*See*

20 *Schmidt*, *supra*, 546 U.S. 303, 307.) However, the Court only held "that a national bank, for § 1348

21 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is

22 located." (*Ibid*.) The Supreme Court did not decide whether, in addition to the state in which a

23 national bank's main office is located, national banks are also citizens of states in which they have

24 their principal place of business; the bank in *Schmidt* had its principal place of business and main

25 office in the same state.

26     In a footnote, however, the Court noted:

27     To achieve complete parity with state banks and other state-incorporated entities, a
national banking association would have to be deemed a citizen of both the State of

28     its main office and the State of its principal place of business. Congress has

**REPLY IN SUPPORT OF MOTION TO REMAND**
3

1   prescribed that a corporation "shall be deemed to be a citizen of any State by which it
    has been incorporated and of the State where it has its principal place of business." 28
2   U.S.C. § 1332(c)(1) (emphasis added). The counterpart provision for national banking
    associations, § 1348, however, does not refer to "principal place of business"; it
3   simply deems such associations "citizens of the States in which they are respectively
    located." The absence of a "principal place of business" reference in § 1348 may be
4   of scant practical significance for, in almost every case, as in this one, the location of
    a national bank's main office and of its principal place of business coincide.

5   (*Ibid*. at 317 n.9 (*citing Horton*, 387 F.3d at 431 and n.26; *Firstar*, 253 F.3d at 993–94.)

6

7       Parity between national banks on the one hand, and "state banks and other state-incorporated

8   entities" on the other, was the primary basis for the Court's holding in *Schmidt*. As the Court

9   observed, "while corporations ordinarily rank as citizens of at most 2 States, Wachovia, under the

10  Court of Appeals' novel citizenship rule, would be a citizen of 16 States." (*Ibid*. at 317.) Parity

11  between national banks and state-incorporated entities was also the primary basis for the decisions in

12  *Horton* and *Firstar*. (*See Horton*, 387 F.3d 426, 436 ("We hold that the definition of "located" is

13  limited to the national bank's principal place of business and the state listed in its organization

14  certificate and its articles of association. This results in a national bank's having access to federal

15  courts by diversity jurisdiction to the same extent as a similarly situated state bank or corporation.");

16  *Firstar*, 253 F.3d 982, 993 ("'located' should be construed to maintain jurisdictional equality

17  between national banks and state banks or other corporations. In order to maintain this parity,

18  national banks would need potentially to be citizens of two different states, since under 28 U.S.C. §

19  1332(c)(1) corporations are considered to be citizens of both where their principal place of business is

20  located and their state of incorporation.").)

21      Wells Fargo's main office is in South Dakota. Its principal place of business is in California.

22  The Court should adopt the tests adopted in *Horton* and *Firstar*, and hold that Wells Fargo and other

23  national banks are citizens both the states in which their main offices are located and their principal

24  place of business following the Supreme Court's focus in *Schmidt* on parity between national banks,

25  state banks, and other state-incorporated entities.

26  ///

27  ///

28  ///

LAW OFFICES OF TED A. GREENE, INC.
1912 F Street, Suite 110, Sacramento, California 95811
Telephone: (916) 442-6400

LAW OFFICES OF TED A. GREENE, INC.
1912 F Street, Suite 110, Sacramento, California 95811
Telephone: (916) 442-6400

**C.**      <u>**The Merits Of The Claims Are Not At Issue For The Purposes Of Determining**</u>
     <u>**Jurisdiction.**</u>

     Wells Fargo improperly implores this Court to dive into the merits of Plaintiffs' claims against First American. Further, Wells Fargo ignores the clear language of the Homeowner Bill of Rights that imputes separate liability against First American, as trustee.

     Upon motion for remand, the merits are not looked at, only the probability of success. (*See Smallwood v. Illinois Cent. R. Co.*, 385 F. 3d 568, 574 (5th Cir. 2004) ("Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined.").)

     In this case, the Superior Court has already determined a likelihood of success as it granted Plaintiffs' request for a temporary restraining order and issued an order to show cause why a preliminary injunction should not issue. As such, the Court must find that Plaintiffs are likely to prevail at this stage in the proceedings.

**D.**      <u>**First American Is Not A Sham Defendant As The Homeowner Bill Of Rights Imputes**</u>
     <u>**Individual Liability On Trustees.**</u>

     Wells Fargo argues that First American's citizenship should be disregarded for the purposes of determining jurisdiction. A party's presence, however, may be disregarded only if the party's joinder is "fraudulent" or a "sham" (i.e. if the Complaint obviously fails to state a cause of action against the party). (*See McCabe v. General Goods Corp.*, 811 F.2d 1336 (9th Cir. 1987).) In determining whether there has been a fraudulent joinder of a defendant, the Court must determine whether there is a possibility that plaintiff has at least one valid claim against at least one of the California residents. (*Ibid.* at 1339.) In determining whether there has been a fraudulent joinder of a defendant, the Court must determine whether there is a possibility that plaintiff has at least one valid claim against at least one of the California residents. (*Ibid.*)

     Moreover, the Court must construe all disputed issues of fact, and all ambiguities in California law, in favor of plaintiff. (*See Macey v. Allstate Porp. & Cas. Co.*, 2002 F.Supp.2d 1116,

1   1117 (N.D. Cal. 2002).) Therefore, it is not for the Court to decide whether "the plaintiff will actually

2   or even probably prevail on the merits. (*See Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 43 (5th

3   Cir. 1992).) Instead, the court must look only for a possibility that the plaintiff may prevail on the

4   merits. (*Ibid.*) In sum, claims against a defendant must be "patently spurious" or provide "no

5   reasonable basis for imposing liability" before that defendant can be disregarded for purposes of

6   determining jurisdiction. (*See Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962).)

7       Here, Wells Fargo suggests that removal is proper because there is no specific liability against

8   First American. However, each cause of action is against all defendants for their respective

9   wrongdoing in violation of the Homeowner Bill of Rights.

10      The Homeowner Bill of Rights states that "No entity shall record or cause a notice of default

11  to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial

12  interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the

13  deed of trust, or the designated agent of the holder of the beneficial interest." (See Civ. Code §

14  2924(a)(6), emphasis added.) The statute does not simply provide that purported beneficiaries shall

15  not, as Wells Fargo suggests, it states that NO entity, including foreclosing trustees such as First

16  American shall record improper notices.

17      Therefore, First American, whose conduct gave rise to this lawsuit, is not a "sham" defendant

18  and was not fraudulently joined. Accordingly, as First American's presence in the lawsuit destroys

19  diversity jurisdiction, the case should be remanded.

20                                  **CONCLUSION**

21      Based on the foregoing, it is clear that Plaintiffs' case should be litigated and tried in the

22  Superior Court. Therefore, it is respectfully requested that the matter be remanded back to the

23  originating Sacramento County Superior Court.

24

25  DATED:  June 9, 2014                    Respectfully submitted,

26                                          **LAW OFFICES OF TED A. GREENE, INC.**

27                                          By: */s/ Ted A. Greene, Esq.*_____
                                            Ted A. Greene, Esq.
28                                          *Attorney for Plaintiffs*

LAW OFFICES OF TED A. GREENE, INC.
1912 F Street, Suite 110, Sacramento, California 95811
Telephone: (916) 442-6400

**CERTIFICATE OF SERVICE**
**UNITED STATES DISTRICT COURT**

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1912 F Street, Suite 110, Sacramento, California 95811.

On June 9, 2014, I served the foregoing document(s) described as:

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT**

On all interested parties in this action by placing [  ] the original [X] a true copy thereof for service as follows:

**Attorneys for Wells Fargo Bank, N.A.:**

Daska P. Babcock, Esq.
Mark D. Lonergan, Esq.
Edward R. Buell, Esq.
Severson & Werson
One Embarcadero Center, Suite 2600
San Francisco, California 94111

**Attorney for First American Servicing Solutions, LLC:**

Patrick Reider, Esq.
First American Law Group
5 First American Way
Santa Ana, California 92707

[X] BY EMAIL: I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the listed CM/ECF registrants.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on June 9, 2014, at Sacramento, California.

*/s/ Christopher J. Fry*
Christopher J. Fry

LAW OFFICES OF TED A. GREENE, INC.
1912 F Street, Suite 110, Sacramento, California 95811
Telephone: (916) 442-6400