1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11                        ----oo0oo----

12  THADDEUS J. POTOCKI and KELLY          CIV. NO. 2:14-1050 WBS DAD
    R. DAVENPORT,
13                                         MEMORANDUM AND ORDER RE: MOTION
                 Plaintiffs,               TO REMAND
14
         v.
15
    WELLS FARGO BANK, N.A.; U.S.
16  BANK, N.A.; FIRST AMERICAN
    SERVICING SOLUTIONS, LLC; and
17  DOES 1-100, inclusive,

18               Defendants.

19

20                        ----oo0oo----

21        Plaintiffs Thaddeus J. Potocki and Kelly R. Davenport

22  brought this action against defendants Wells Fargo Bank, N.A.

23  ("Wells Fargo"), U.S. Bank, N.A., and First American Servicing

24  Solutions, LLC ("FASS"), arising out of the foreclosure of

25  plaintiffs' home.  Defendants removed this action from Sacramento

26  County Superior Court on the basis of diversity jurisdiction, 28

27  U.S.C. § 1332, and plaintiffs now move to remand pursuant to 28

28  U.S.C. § 1447(c).

                                 1

1      "[A]ny civil action brought in a State court of which

2  the district courts of the United States have original

3  jurisdiction, may be removed by the defendant or the defendants,

4  to the district court of the United States for the district . . .

5  where such action is pending."  28 U.S.C. § 1441(a).  However, if

6  "it appears that the district court lacks subject matter

7  jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

8  On a motion to remand, the defendant bears the burden of showing

9  by a preponderance of the evidence that federal jurisdiction is

10 appropriate.  Geographic Expeditions, Inc. v. Estate of Lhotka,

11 599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted).

12     Federal courts have original jurisdiction over civil

13 actions between citizens of different states in which the amount

14 in controversy exceeds $75,000, exclusive of interest and costs.

15 28 U.S.C. § 1332.  "Section 1332 requires complete diversity of

16 citizenship; each of the plaintiffs must be a citizen of a

17 different state than each of the defendants."  Morris v. Princess

18 Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing

19 Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

20     Relying on case law from the Fifth and Seventh

21 Circuits, plaintiffs first contend that complete diversity is

22 absent because Wells Fargo is a citizen of California.  (Pls.'

23 Mem. at 2-3 (Docket No. 8).)  In a decision published this year,

24 the Ninth Circuit held exactly the opposite--that Wells Fargo "is

25 a citizen only of South Dakota, where its main office is

26 located," and that it is therefore not a citizen of California

27 for purposes of assessing diversity jurisdiction.  Rouse v.

28 Wachovia Mortg., FSB, 747 F.3d 707, 715 (9th Cir. 2014).

1    Plaintiffs then assert that FASS is a citizen of

2  California whose presence destroys complete diversity.  (Pls.'

3  Mem. at 1-2.)  Defendants respond that a separate entity, a Texas

4  corporation named First American Trustee Servicing Solutions, is

5  the actual foreclosure trustee; as a result, they contend, FASS

6  is either a sham or nominal defendant whose citizenship may be

7  ignored for the purpose of determining diversity jurisdiction.

8  (Defs.' Opp'n at 4-6 (Docket No. 11).)   The relationship between

9  these two entities is not entirely clear.  In fact, defendants'

10  counsel represented at oral argument that the two entities may be

11  so closely affiliated with one another that they are actually the

12  same company.

13    The court need not sort out the details of their

14  relationship, however, because the only evidence before the court

15  suggests that both entities are citizens of Texas.  That evidence

16  consists of two documents: a "Business Entity Detail" on FASS

17  from the California Secretary of State's website, (see Greene

18  Decl. Ex. A (Docket No. 8)), and a "Franchise Tax Account Status"

19  from the Texas Office of the Comptroller's website, (see Pls.'

20  Reply at n.1 (Docket No. 14)).[1]  Those documents respectively

21  represent that FASS and First American Trustee are incorporated

22

23    [1]   A court may take judicial notice of facts that are "not
subject to reasonable dispute," Fed. R. Evid. 201, including
matters of public record, MGIC Indem. Corp. v. Weisman, 803 F.2d

24  500, 504 (9th Cir. 1986).  The court will take notice of the
filings with the California Secretary of State and the Texas

25  Office of the Comptroller because they are matters of public
record whose accuracy is not subject to reasonable dispute.  See

26  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001);

27  Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1265
(C.D. Cal. 2010) (taking judicial notice of incorporation filings

28  with the Delaware secretary of state).

3

1    in Texas and are therefore citizens of Texas.  See 28 U.S.C. §

2    1332(c)(1) ("[A] corporation shall be deemed to be a citizen of

3    every State . . . by which it has been incorporated . . . .").

4           While both entities have a mailing address in Santa

5    Ana, California, plaintiffs have not cited any other evidence,

6    either in their briefs or at oral argument, from which the court

7    could conclude that either FASS or First American Trustee

8    maintains its principal place of business in California.  See id.

9    (stating that a corporation is also a citizen of the state where

10   it maintains its principal place of business).  Regardless of

11   whether FASS or First American Trustee is the actual foreclosure

12   trustee, the evidence before the court suggests that both

13   entities are citizens of Texas and are therefore diverse from

14   plaintiffs.  Accordingly, the court must deny plaintiffs' motion

15   to remand.

16          IT IS THEREFORE ORDERED that plaintiffs' motion to

17   remand be, and the same hereby is, DENIED.

18   Dated:   June 30, 2014

19

20   WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

4